IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

TANYA L. GOSS,                          )
                                        )
                 Plaintiff,             )
                                        )
vs.                                     )        Case No. 08-0255-CV-W-ODS
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
                 Defendant.             )

**ORDER AND OPINION AFFIRMING IN PART
AND REVERSING AND REMANDING IN PART
COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

        Pending is Plaintiff's request for review of the final decision of the Commissioner
of Social Security denying her applications for disability and supplemental security
income benefits.  The Commissioner's decision is affirmed in part and reversed n part
and remanded for further proceedings.


I.  BACKGROUND


        Plaintiff was born in December 1957, completed high school, and has prior work
experience as a school custodian, mail carrier, painter (interior and exterior),
wallpapering, and landscaping.  She amended her alleged onset date to October 2,
2004, due primarily to back pain.  R. at 484.  Plaintiff also has a history of breast cancer;
she was treated with chemotherapy and on October 27, 2004, underwent a double
mastectomy.

        Plaintiff does not challenge the ALJ's findings regarding her residual functional
capacity, so the Court will simply recount it without detailing Plaintiff's medical records.
The ALJ found Plaintiff could perform sedentary work that provided a sit/stand option at
twenty minute intervals.  Robin Cook was identified as a vocational expert ("VE")

testified a person with Plaintiff's capabilities could not perform her past work, but could perform other work in the national economy.

## I. DISCUSSION

### A. Experts' Qualifications

Plaintiff argues the Commissioner's final decision must be reversed because the ALJ failed to establish the VE's qualifications. Robin Cook was introduced as a VE without objection from Plaintiff's counsel (who also represents Plaintiff in this forum), and offered testimony that was relied upon by the ALJ. The Commissioner concedes Ms. Cook's qualifications were not established on the Record, but characterizes the failure as a minor violation of operating procedures and contends the error is harmless. In this regard, the Commissioner's comparison to Schweiker v. Hansen is inapt. In that case, a potential applicant asked if she was eligible for benefits and received an oral response to the negative. She then left the office without filling out an application. The oral advice was improper in light of the Commissioner's Claims Manual and internal handbook, which directed field representatives to encourage potential applicants to file an application in order to preserve any rights they might have. 450 U.S. 785, 786 (1981) (per curiam). The individual eventually filed an application, but the retroactive benefits were not available under the statute. In rejecting the claimant's argument that the administration was estopped based on its violation of the Claims Manual and internal handbook, the Court simply held the conduct did not rise to the level necessary to justify an estoppel. Id. at .790.

In this case, there is no real allegation of misconduct. While the Commissioner's procedure manual was not followed, this is not the sole basis for Plaintiff's argument. The real issue is the state of the Record, and whether it is sufficient to justify the Commissioner's final decision. In this regard it is important to remember that testimony from a vocational expert is necessary in cases (such as this) where the applicant suffers from nonexertional impairments that prevent the applicant from performing the full range

2

of work in a given exertional category.  E.g., Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006).  When a vocational expert's testimony is required, the failure to elicit such testimony is reversible error.  E.g., Draper v. Barnhart, 425 F.3d 1127, 1132 (8th Cir. 2005).

The present case undeniably required the testimony of a vocational expert.  Was such testimony elicited?  Based on the present Record, the Court cannot conclude that it was.  Therefore, the Commissioner's decision is not supported by substantial evidence in the Record as a whole.

### B.  Incomplete Hypothetical Questions

Plaintiff does not challenge any of the ALJ's findings about her residual functional capacity, and such findings were not affected by the failure to substantiate Ms. Cook's qualifications.  Plaintiff's second argument contends the hypothetical question posed by the ALJ omitted any mention of Plaintiff's numerous doctor visits.  The hypothetical question need only include limitations found by the ALJ; the hypothetical need not include limitations that are not supported by the Record.  E.g., Howe v. Astrue, 499 F.3d 835, 841-42 (8th Cir. 2007).

The Record substantiates Plaintiff has had a great many visits – slightly more than 2.5 visits per month between October 2004 and August 2006.  However, most of them were in the period during which she was being treated for breast cancer, and there is no indication – including a doctor's instruction – that she will need to see a doctor as regularly as she did in the past.  The Court also notes that all of the visits related to her back reported benign findings, and there is no apparent medical reason for her to see a doctor continuously for her back ailments.  Given that the Record contains no medical reason for Plaintiff to visit a doctor 2.5 times a month, the ALJ did not err in failing to include such a requirement in Plaintiff's residual functional capacity.

3

## C.  Future Proceedings


The hypothetical question posed to Ms. Cook was proper based on this Record. Ms. Cook's answers justified the Commissioner's final decision to deny benefits – but only if Ms. Cook is a vocational expert.  Thus, the entire Record supports the Commissioner's final decision if Ms. Cook is a vocational expert.

Accordingly, the appropriate course is to reverse the Commissioner's decision and remand so the Commissioner can augment the Record in an attempt to establish that Ms. Cook is, in fact, a vocational expert, and that she so qualified on the date of the hearing.[1]  If this missing link can be established, the Record will be complete and – in light of Plaintiff's challenges rejected herein – the Commissioner's final decision will be properly supported.  If Ms. Cook's qualifications cannot be established, the Commissioner can elicit testimony from another person qualified as an expert (based on the facts already found and affirmed herein).[2]

---

[1]Plaintiff also faults the ALJ for failing to establish the testifying medical expert's qualifications, but the ALJ did not accept the medical expert's conclusions about Plaintiff's residual functional capacity so there was no prejudice.  Nonetheless, in light of limited remand, the Commissioner should take the opportunity to augment the Record to establish the medical expert's qualifications as well.

[2]While a request for fees under the Equal Access to Justice Act ("EAJA") has been premature (until now) and thus has not been filed, the Court doubts that such a motion would be granted.  Had counsel raised the issue of the expert's qualifications before the ALJ or the Appeals Council, the error could have been easily rectified before this case was filed.  This leads to two possible conclusions: either (1) counsel knew of the deficiency and purposely kept quiet, in which case he should not be rewarded with an award of fees that should not have been necessary, or (2) counsel did not notice the discrepancy, in which case it is hard to characterize the Commissioner's similar failure as sufficiently unjustified to support an award of fees under the EAJA.

4

## III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision denying benefits is affirmed in part and reversed and remanded in part for further proceedings consistent with this Order.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 5, 2009                    UNITED STATES DISTRICT COURT